CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EUGENIO MORENO LOPEZ, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| OMNI HEALTH INC. (D/B/A OMNI HEALTH INC.) and JOSEPH C. MASTEY A.K.A. JOE, | **ECF Case** |
| *Defendants.* |  |

-------------------------------------------------------X

Plaintiff Eugenio Moreno Lopez ("Plaintiff Moreno" or "Mr. Moreno"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Omni Health Inc. (d/b/a Omni Health Inc.), ("Defendant Corporation") and Joseph C. Mastey a.k.a. Joe, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Moreno is a former employee of Defendants Omni Health Inc (d/b/a Omni Health Inc.) and Joseph C. Mastey a.k.a. Joe.

2.      Defendants own, operate, or control a juice bar, located at 265 Avenue U, Brooklyn, New York, 11223, under the name "Omni Health Inc.".

3. Upon information and belief, individual Defendant Joseph C Mastey a.k.a. Joe, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the Juice Bar as a joint or unified enterprise.

4. Plaintiff Moreno was employed as a delivery worker, a stocker, a cashier, a juice maker, a food preparer, a cook, and a juice bar cleaner at the Juice Bar located at 265 Avenue U, Brooklyn, New York, 11223.

5. In approximately 2017, Plaintiff Moreno was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his workday performing non-tipped duties, including but not limited to stocking, working as a cashier, preparing food and juice, cooking, and cleaning the juice bar (hereafter the "non-tipped duties").

6. At all times relevant to this Complaint, Plaintiff Moreno worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Moreno appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. During at least 2017, Defendants employed and accounted for Plaintiff Moreno as a delivery worker in their payroll, but in actuality, his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Moreno's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

10. Upon information and belief, from approximately January 2017 to December 2017,

Defendants employed the policy and practice of disguising Plaintiff Moreno's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Moreno at the minimum wage rate and enabled them to pay him above the tip-credit rate, but below the minimum wage.

11.    Defendants' conduct extended beyond Plaintiff Moreno to all other similarly situated employees.

12.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Moreno and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.    Plaintiff Moreno now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.    Plaintiff Moreno seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Moreno's state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a juice bar located in this district. Further, Plaintiff Moreno was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

17.     Plaintiff Eugenio Moreno Lopez ("Plaintiff Moreno" or "Mr. Moreno") is an adult individual residing in Kings County, New York.

18.     Plaintiff Moreno was employed by Defendants at Omni Health from approximately 2010 until on or about September 23, 2022.

19.     Plaintiff Moreno consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

20.     At all relevant times, Defendants own, operate, or control a juice bar, located at 265 Avenue U, Brooklyn, New York, 11223, under the name "Omni Health Inc.".

21.     Upon information and belief, Omni Health Inc. (d/b/a Omni Health Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 265 Avenue U, Brooklyn, New York, 11223.

22.     Defendant Joseph C. Mastey a.k.a. Joe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time-period. Defendant Joseph C. Mastey a.k.a. Joe is sued individually in his capacity as owner, officer and/or agent of Defendant

Corporation. Defendant Joseph C. Mastey a.k.a. Joe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Moreno, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

23.     Defendants operate a juice bar located in a neighborhood in Brooklyn.

24.     Individual Defendant, Joseph C. Mastey a.k.a. Joe, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Moreno's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Moreno, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Moreno (and all similarly situated employees) and are Plaintiff Moreno's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Moreno and/or similarly situated individuals.

29.    Upon information and belief, Individual Defendant Joseph C. Mastey a.k.a. Joe operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or to maintain appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

30.    At all relevant times, Defendants were Plaintiff Moreno's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Moreno, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Moreno's services.

31.     In each year from 2017 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that is separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Juice Bar on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Moreno is a former employee of Defendants who was ostensibly employed, at least throughout 2017, as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

34.     Plaintiff Moreno seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Eugenio Moreno Lopez*

35.     Plaintiff Moreno was employed by Defendants from approximately 2010 until on or about September 23, 2022.

36.     Throughout 2017, Defendants ostensibly employed Plaintiff Moreno as a delivery worker.

37.     However, Plaintiff Moreno was also required to over 20% of his workday performing the non-tipped duties described above.

38.     Plaintiff Moreno regularly handled goods in interstate commerce, such as fruits, vegetables, cups, and other supplies produced outside the State of New York.

39.     Plaintiff Moreno's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Moreno regularly worked in excess of 40 hours per week.

41.     From approximately March 2017 until on or about December 2017, Plaintiff Moreno worked as a cook, a delivery worker, and a cashier from approximately 8:00 a.m. until on or about 6:00 p.m., Mondays through Thursdays, from approximately 8:00 a.m. until on or about 4:00 p.m., Fridays, and from approximately 10:00 a.m. until on or about 5:00 p.m., Sundays (typically 55 hours per week).

42.     From approximately January 2018 until on or about August 2021, Plaintiff Moreno worked as a cashier, a juice maker, a stocker, a food preparer, a cook, and was in charge of cleaning the juice bar, from approximately 8:00 a.m. until on or about 6:00 p.m., Mondays through Thursdays, from approximately 8:00 a.m. until on or about 4:00 p.m., Fridays, and from approximately 10:00 a.m. until on or about 5:00 p.m., Sundays (typically 55 hours per week).

43.     From approximately September 1, 2021, until on or about September 23, 2022, Plaintiff Moreno worked as a cashier, a juice maker, a stocker, a food preparer, a cook and was in charge of cleaning the juice bar, from approximately 8:00 a.m. until on or about 6:00 p.m., Mondays through Wednesdays, from approximately 8:00 a.m. until on or about 2:00 p.m., Thursdays, from approximately 8:00 a.m. until on or about 4:00 p.m., Fridays, and from approximately 10:00 a.m. until on or about 5:00 p.m., Sundays (typically 51 hours per week).

44.     Throughout his employment, Defendants paid Plaintiff Moreno his wages in cash.

45.     From approximately March 1, 2017, until on or about December 31, 2019, Defendants paid Plaintiff Moreno a fixed salary of $700 per week.

46.     From approximately January 1, 2020, until on or about September 23, 2022, Defendants paid Plaintiff Moreno a fixed salary of $800 per week.

47.     During the time Plaintiff Moreno was working as a delivery worker, he was never notified by Defendants that his tips were being included as an offset for wages.

48.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Moreno's wages.

49.     In fact, and upon information and belief, Plaintiff Moreno only received tips when clients paid him directly. Despite the fact that Defendants used delivery apps such as GrubHub or Uber Eats, Plaintiff Moreno did not receive any tips for those deliveries.

50.     Plaintiff Moreno's breaks of approximately half an hour per day were constantly interrupted. In fact, he could not take a meal break about half the time throughout his employment.

51.     Plaintiff Moreno was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Moreno regarding overtime and wages under the FLSA and NYLL.

53.     Defendants did not provide Plaintiff Moreno with an accurate statement of wages, as required by NYLL 195(3).

54.     Defendants did not give any notice to Plaintiff Moreno, in English and in Spanish (Plaintiff Moreno's primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

55.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Moreno (and all similarly situated employees) to work in excess of 40 hours a

week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

56.     Plaintiff Moreno was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57.     Defendants' pay practices resulted in Plaintiff Moreno not receiving payment for all his hours worked and resulted in Plaintiff Moreno's effective rate of pay falling below the required minimum wage rate.

58.     Defendants required Plaintiff Moreno and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

59.      Plaintiff Moreno and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

60.     Plaintiff Moreno's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general Juice Bar duties, including the non-tipped duties described above.

61.      Plaintiff Moreno and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

62.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Moreno's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

63.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee if that time is devoted to a non-tipped occupation.

64.     In violation of federal and state law as codified above, Defendants classified Plaintiff Moreno and other tipped workers as tipped employees and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

65.     Defendants failed to inform Plaintiff Moreno who received tips that Defendants intended to take a deduction against Plaintiff Moreno's earned wages for tip income, as required by the NYLL before any deduction may be taken.

66.     Defendants failed to inform Plaintiff Moreno who received tips, that his tips were being credited towards the payment of the minimum wage.

67.     Defendants failed to maintain a record of tips earned by Plaintiff Moreno who worked as a delivery worker for the tips he received. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

68.     Defendants paid Plaintiff Moreno his wages in cash.

69.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

70.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Moreno (and similarly situated individuals) worked, and to avoid paying Plaintiff Moreno properly for his full hours worked.

71.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Moreno and other similarly situated former workers.

73.     Defendants failed to provide Plaintiff Moreno and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     Defendants failed to provide Plaintiff Moreno and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

75.     Plaintiff Moreno brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

76.     At all relevant times, Plaintiff Moreno and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

77.     The claims of Plaintiff Moreno stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

78.     Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff Moreno's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Moreno (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

80.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82.     Defendants failed to pay Plaintiff Moreno (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

83.     Defendants' failure to pay Plaintiff Moreno (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Moreno (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

85.     Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Moreno (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.     Defendants' failure to pay Plaintiff Moreno (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Moreno (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

89.     Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Moreno's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Moreno, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

91.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Moreno less than the minimum wage.

92.     Defendants' failure to pay Plaintiff Moreno the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Moreno was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

94.     Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Moreno overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96. Defendants' failure to pay Plaintiff Moreno overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97. Plaintiff Moreno was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

98. Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

99. Defendants failed to provide Plaintiff Moreno with a written notice, in English and in Spanish (Plaintiff Moreno's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100. Defendants are liable to Plaintiff Moreno in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101. Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

102.     With each payment of wages, Defendants failed to provide Plaintiff Moreno with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.     Defendants are liable to Plaintiff Moreno in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Moreno respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Moreno and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Moreno and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Moreno's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Moreno and the FLSA Class members;

(f)     Awarding Plaintiff Moreno and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Moreno and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Moreno;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Moreno;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Moreno's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Moreno;

(l)     Awarding Plaintiff Moreno damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as

applicable

(m)     Awarding Plaintiff Moreno damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Moreno liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Moreno and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Moreno and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Moreno demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

March 1, 2023

CSM LEGAL, P.C

By:            /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

*Attorneys for Plaintiff*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

October 7, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Eugenio Moreno Lopez

Legal Representative / Abogado:     CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                    7 de octubre 2022

*Certified as a minority-owned business in the State of New York*